IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| RICHARD JAMES ASHTON, TDCJ-CID No. 01326160, <br><br> Plaintiff, <br><br> v. <br><br> GENE W. SMITH, *et al.*, <br><br> Defendants | 2:20-CV-041-Z-BR |

# MEMORANDUM OPINION AND ORDER
# DISMISSING CIVIL RIGHTS COMPLAINT

This matter comes before the Court on Plaintiff's civil rights claims. Plaintiff filed suit *pro se* while a prisoner incarcerated in the Texas Department of Criminal Justice ("TDCJ"), Correctional Institutions Division. *See* ECF No. 3. Plaintiff was granted permission to proceed *in forma pauperis*. *See* ECF No. 14. Plaintiff filed an Amended Complaint incorporating all his claims. ECF No. 10-1. The Court previously denied injunctive relief. ECF No. 16. For the reasons discussed herein, Plaintiff's Complaint is **DISMISSED**.

### FACTUAL BACKGROUND

As best the Court can tell from Plaintiff's Amended Complaint, the event giving rise to Plaintiff's claims occurred sometime before July 17, 2017, when Plaintiff was denied the right to transfer to a different job. ECF Nos. 10-1, 16. Before that date, Defendant Jason D. Henderson spit on Plaintiff and, when Plaintiff filed a grievance, Defendant Henderson threatened to retaliate. *Id.* Specifically, Henderson told Plaintiff that he was "going to make your life a living hell." ECF

No. 16. After that, Plaintiff believed himself to be in physical danger and refused to go to work. As a result, a number of disciplinary cases were filed against him for refusing to turn out for work without a legitimate reason. Often, he failed to attend the disciplinary hearings. *See* ECF 10-1 at 21, 29. He was found guilty in each instance. *See id.* He lost recreation days, commissary days, good time, and visits, among other punishments. *Id.* Plaintiff sues a number of Defendants for "colluding in reprisal disciplinary cases" against him.

Plaintiff also complains that a number of Defendants ignored his outcries, caused his outcry mail to be stolen, or otherwise interfered with the grievance procedure. ECF No. 10-1. He alleges that on October 31, 2017, all of his email from Richard Segovia and all other mail concerning outcries for help was taken from his cell while he waited outside. *See id.* Further, Plaintiff was taken away from cameras and slammed to the ground, where Defendant Mitchell drove his knee into Plaintiff's back and injured Plaintiff's left arm. *Id.* Plaintiff believes his left elbow was broken, but he did not receive any medical treatment then or during the following month. *Id.*

### LEGAL STANDARD

When a prisoner confined in any jail, prison, or other correctional facility brings an action with respect to prison conditions under any federal law, the Court may evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A, 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993).

2

conditions. 42 U.S.C. 1997e(c)(1). A *Spears*[2] hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991).[3]

### ANALYSIS

No statute of limitations is set forth under Section 1983. However, the United States Supreme Court has held that the statute of limitations for a civil rights action is to be determined by reference to the prescriptive period for personal injury actions in the forum state. *Hardin v. Straub*, 490 U.S. 536 (1989); *Owens v. Okure*, 488 U.S. 235 (1989). In Texas, the prescriptive period for such claims is two years. TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a) (West 2011).

In this case, it is clear that the majority of Plaintiff's claims, including those based on alleged physical assaults of Plaintiff and failure to provide medical care, are barred by limitations as the events giving rise to them occurred more than two years before the filing of his original complaint.

Another large part of Plaintiff's claims relates to alleged "reprisal" disciplinary cases against him. To recover damages for an allegedly unconstitutional conviction, a Section 1983 Plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by the issuance of a writ of habeas corpus under 28 U.S.C. § 2254. *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). The term "conviction" includes a prison disciplinary proceeding that results in a change in the prisoner's status, such as loss of good time credits.

---

[2] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

[3] *Green vs. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire."). Dismissals may also be based on adequately identified or authenticated records. *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995).

3

*Edwards v. Balisok*, 520 U.S. 641, 646–48 (1997). If a judgment in favor of the Plaintiff would necessarily imply the invalidity of the conviction or sentence, then the complaint must be dismissed unless the plaintiff can show that the conviction or sentence has already been invalidated. *Heck*, 512 at 486–87.

Here, a finding that Plaintiff was subjected to discipline based on false charges would necessarily undermine the results of the disciplinary proceedings against him.[4] Plaintiff's claims arising out of disciplinary charges are barred by *Heck*. Plaintiff has also failed to assert a nonconclusory claim of retaliation sufficient to overcome the *Heck* bar to challenging these disciplinary convictions. As such, Plaintiff's claims regarding his "false" disciplinary convictions are **DISMISSED** as frivolous.

Finally, Plaintiff alleges that defendants interfered with his attempts to get relief, which he labels "outcries." The documents attached to the Amended Complaint belie any contention that Plaintiff's outcries were ignored or destroyed. *See* ECF No. 10-1. Plaintiff has attached copies of his emails with Segovia to the Amended Complaint. *See id.* In addition, he has provided copies of numerous grievances on that subject. *Id.* That Defendants did not agree that Plaintiff's life was in danger[5] does not equate to a violation of his constitutional rights.

Plaintiff's claims are barred by the statute of limitations, and his Amended Complaint is **DISMISSED**.

---

[4] The court recognizes that not all of the disciplinary violations resulted in the loss of good time credits. However, each of the disciplinary charges regarding failure to report to work was the same: failure to turn out for work without a legitimate reason. And, in each case, Plaintiff contends that his fear was a legitimate reason. Were Plaintiff to prevail on any of these cases, it would necessarily undermine the loss of good time credits.

[5] The Court notes that Plaintiff does not allege that he suffered any physical injury as a result of going to work. In fact, another filing reflects that he likes to work. ECF 3 at 3.

4

**CONCLUSION**

The Amended Complaint is **DISMISSED**.

**SO ORDERED.**

March 21, 2023

_____
MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE